UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Larry G. Harvin, | ) | Civil Action No.: 8:18-cv-00292-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Interim Warden Joel Anderson, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Larry G. Harvin, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* ECF No. 1. The matter is before the Court for review of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin, who recommends summarily dismissing Petitioner's § 2254 petition as successive.[1] *See* ECF Nos. 8 & 10.

**<u>Standard of Review</u>**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] This matter was automatically referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

As the Magistrate Judge explains, Petitioner's instant § 2254 petition is the fourth one he has filed in this Court challenging his convictions for murder and armed robbery.[3] *See* R & R at p. 2. The Magistrate Judge recommends dismissing the instant petition as successive, noting there is no indication that Petitioner obtained pre-filing authorization from the United States Court of Appeals for the Fourth Circuit before filing it. *Id.* at pp. 4–5.

Petitioner objects to the R & R, arguing his instant § 2254 petition (filed this year) is not successive because he filed it after being denied relief in a state habeas corpus action filed in the South Carolina Supreme Court last year (2017).[4] *See* ECF No. 10. Petitioner asserts that because he raised an insufficient evidence claim in his first § 2254 petition (filed in 2003 and dismissed in 2004) and this Court found that claim procedurally barred, he should now be able to pursue the claim since he raised

---

[2] The R & R summarizes the background of this case, with applicable dates and citations to the record.

[3] The Court considered Petitioner's first petition on the merits and dismissed it with prejudice, and the Court dismissed Petitioner's second and third petitions as successive and unauthorized. Petitioner appealed all dismissals, and the Fourth Circuit dismissed each of Petitioner's appeals. The Magistrate Judge thoroughly summarizes the relevant procedural history, and the Court adopts that summary without repeating it here.

[4] The R & R does not specifically refer to Petitioner's state habeas action, which is mentioned in his instant § 2254 petition. *See* ECF No. 1 at pp. 4–5.

2

it to the state court via his recently denied state habeas petition. *See id.*

Petitioner is correct that he challenged the sufficiency of the evidence in his 2003 petition and that this Court found this claim procedurally barred. *See Harvin v. Rushton*, No. 3:03-cv-00688-GRA, 2004 WL 7323529, at *1–3 (D.S.C. Jan. 16, 2004) (finding Petitioner's "insufficiency of evidence claim" was procedurally defaulted). However, the "dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive." *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 562 U.S. 521 (2011). Moreover, the Court entered judgment granting the respondent's motion for summary judgment and dismissed the 2003 action with prejudice. *See Harvin*, No. 3:03-cv-00688-GRA, at ECF No. 27 (D.S.C. Jan. 21, 2004); *see generally Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1181 (4th Cir. 1989) ("A summary judgment dismissal *is* a final adjudication on the merits . . . ."); *see, e.g.*, *Washington v. Cartledge*, No. 4:16-cv-00017-PMD-TER, 2016 WL 1444620, at *2 (D.S.C. Mar. 9, 2016) ("[T]he previous petition was dismissed with prejudice as summary judgment on the merits was entered in favor of respondent. Accordingly, the instant [p]etition is successive."), *adopted by*, 2016 WL 1427359 (D.S.C. Apr. 12, 2016).

Because this Court decided Petitioner's first § 2254 petition on the merits, the petition currently before the Court is successive. *See Slack v. McDaniel*, 529 U.S. 473, 485–89 (2000) (defining a successive petition as one filed after an initial petition was decided on its merits); *Harvey*, 278 F.3d at 380 (citing cases including *Slack* and recognizing that "[b]y every reckoning, a dismissal for procedural default is a dismissal on the merits").[5] Additionally, there is no evidence showing Petitioner obtained

---

[5] Petitioner cites *Slack* and asserts the R & R is "at odds" with that case. *See* ECF No. 10 at pp. 2–3. However, as explained above, the R & R correctly concludes Petitioner's instant § 2254 petition is successive.

3

pre-filing authorization from the Fourth Circuit to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Easter v. Johnson*, 107 F. App'x 348, 349 (4th Cir. 2004) ("In the absence of pre-filing authorization, the district court is without jurisdiction to entertain the successive petition."). The Court lacks jurisdiction over Petitioner's current § 2254 petition and must dismiss it.[6]

## **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

---

[6] Additionally, the Court notes that "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1); *see In re Phillips*, 879 F.3d 542, 547 (4th Cir. 2018) (explaining "claims recycled from the applicant's previous § 2254 application may not form the basis for the granting of pre-filing authorization because review is barred under § 2244(b)(1)." (alteration and ellipsis omitted)). Thus, Petitioner's attempt to revive his insufficient evidence claim would appear to be futile.

## **Conclusion**

Based upon the foregoing, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 8]. Accordingly, the Court **DISMISSES** Petitioner's § 2254 petition *without prejudice* and without requiring Respondent to file an answer or return. The Court **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
May 3, 2018  R. Bryan Harwell
United States District Judge